METROPOLITAN LUMBER COMPANY v. IVERS-LEE
COMPANY.

Decided March 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the rule, *Stein, McGlynn & Hannoch.*

*Contra, Jacob L. Newman* and *Lionel P. Kristeller.*

PER CURIAM.

The plaintiff and defendant entered into a contract, by the
terms of which the defendant agreed to manufacture for and
deliver to the plaintiff one hundred Arcoil oil burners, as per
blue-prints and specifications submitted to it by a Mr. Fulton,
the representative of the plaintiff. The price agreed upon
was $28,000. The defendant was also to furnish jigs and fix-
tures to be attached to these burners. The plaintiff brought
the present suit to recover compensation for losses sustained
by it from an alleged breach of this contract by the defend-
ant. The averment of the complaint is that the defendant
delivered to the plaintiff what purported to be fifty of the one
hundred Arcoil oil burners so contracted for, but that they
were not manufactured in accordance with the blue-prints
and specifications referred to in the contract, and were not
manufactured in such a way as to accomplish the purpose for
which they were ordered by the plaintiff from the defendant.

The defendant filed an answer denying breach of the contract on its part, and asserting that the first fifty of these burners were manufactured by it in accordance with the blue-prints and specifications referred to in the agreement and were actually delivered to the plaintiff, and that the other fifty burners had also been manufactured by it in accordance with these blue-prints and specifications, and that delivery thereof had been attempted to be made, but that the plaintiff had refused to accept the same. The defendant also counter-claimed to recover so much of the contract price as remained unpaid upon the fifty burners actually delivered and also the loss sustained by it by the refusal of the plaintiff to accept the delivery of the second fifty. During the trial it was admitted that the Arcoil burners delivered to the plaintiff, as well as those acceptance of which was refused by the plaintiff, were manufactured in strict accordance with the blue-prints and specifications furnished to the defendant; and on such admission the trial court directed a nonsuit as to the plaintiff's claim, submitting to the jury the question of the validity of the defendant's counter-claim. The jury awarded the defendant $6,740.60, and thereupon the present rule was allowed.

The first contention made before us is that the court, in holding that a judgment of nonsuit should be allowed against the plaintiff, erred, because of the fact that one of the grounds of recovery set out in the complaint was that the oil burners were not manufactured in such a way as to accomplish the purpose for which they were intended to be used. But, it having been admitted at the trial, as already stated, that these oil burners complied in every respect with the blue-prints and specifications, it was no concern of the defendant whether they accomplished the purpose for which the plaintiff ordered them or not. The responsibility in that regard did not rest upon the defendant, but upon the plaintiff.

We conclude, therefore, that the order for the entry of a judgment of nonsuit was proper.

The only other grounds for reversal are directed at two alleged errors in the charge to the jury upon the defendant's

counter-claim. The first criticism is directed at that portion of the charge in which the court stated that, although the defendant contracted to manufacture one hundred of these oil burners from plans and specifications furnished by the plaintiff, it did not agree in writing that they would accomplish any particular purpose. There was no attempt to prove the existence of any such written agreement to that effect, and the statement, therefore, was accurate.

The other instruction complained of related to the examination of these oil burners by Mr. Fulton, the representative of the plaintiff, and his approval of them before their delivery. The instruction was that if the jury found there had been such approval, then there was no implied warranty as regards the defects which such examination by him ought to have revealed. The sole ground upon which this instruction is challenged is that it was erroneous because it disregarded that provision of our Sale of Goods act which deals with the question of the implied warranty of the seller that the goods sold shall be reasonably fitted for the purpose for which they were ordered. That statute, however, has no application to the contract which is the basis of the present litigation. The agreement is not one for the sale of goods, wares and merchandise, but for the manufacture of certain articles by the defendant at the request of the plaintiff, and, as was pointed out by Chief Justice Beasley in *Finney* v. *Apgar,* 31 *N. J. L.* 266, such a contract is not affected by statutory provisions relating to the sale of goods.

For the reasons indicated, we conclude that the rule to show cause should be discharged.